# Seyfarth

Seyfarth Shaw LLP
620 Eighth Avenue
New York, New York 10018
T (212) 218-5500
F (212) 218-5526

idsmith@seyfarth.com
T (212) 218-3393

www.seyfarth.com

June 28, 2024

> This application is granted. Any motion to compel arbitration is due July 19; opposition is due August 9; reply is due August 23.
> /s/ Denise Cote
> July 1, 2024

**VIA ECF**

The Honorable Denise L. Cote, U.S.D.J.
United States District Court for the Southern District of New York
500 Pearl Street, Room 1910
New York, NY 10007

Re: ***Puris v. TikTok Inc., et al.***
<u>Case No.: 1:24-cv-00944</u>

Dear Judge Cote:

We represent defendants TikTok Inc., ByteDance Ltd, and ByteDance Inc. ("Defendants") in the above-referenced matter. As Your Honor may be aware, the Defendants' deadline to respond to Plaintiff Katie Ellen Puris' ("Plaintiff") Amended Complaint is August 5, 2024. We write to request the Court stay this deadline pending the filing of Defendants' anticipated motion to compel Plaintiff to arbitrate the claims contained in the Amended Complaint and extend the responsive pleading deadline thirty days from the Court's decision on the motion to compel.

Presently, Defendants have identified several valid arbitration agreements that impact Plaintiff's claims. As the claims at issue here arose out of Plaintiff's employment, Defendants intend to assert that Plaintiff is required to arbitrate any and all employment-related disputes according to the rules expressly outlined in the arbitration agreements. In that vein, Defendants intend to move this Court, on or before August 5, 2024, to compel the parties to arbitrate these claims. However, should this Court decline to compel arbitration pursuant to the arbitration agreements, Defendants would proceed to respond to the pleading (either by answering the Amended Complaint or filing a motion to dismiss all or some of the claims). At this time, Defendants respectfully request that the Court extend the responsive pleading deadline thirty days from the Court's decision on the motion to compel.

A stay of the responsive pleading deadline is appropriate for two reasons. First, should the Court determine that the motion to compel is meritorious and order the parties to arbitration, the response to the pleading would be moot and an unnecessary utilization of resources. Second, should the Court grant Defendants' motion to compel, such an order would materially impact the nature and scope of discovery in this action.

In light of the forthcoming motion to compel arbitration, and in an effort to avoid unnecessary litigation and burden to the Court, Defendants request that the Court extend the responsive pleading deadline thirty days after this Court has adjudicated the motion to compel. At that time, Defendants will submit a substantive response to Plaintiff's Amended Complaint, if necessary.

311528777v.1

Honorable Denise L. Cote
June 28, 2024
Page 2

    This is Defendants' second request to extend the responsive pleading deadline. The parties, via letter motion and stipulation dated May 9, 2024, jointly requested an extension of the responsive pleading deadline to August 5, 2024, and the Court granted that motion. (ECF Nos. 31 and 32). Defendants' current request is made in good faith and not for any improper purpose. Indeed, as set forth above, Defendants have a good cause to request to stay the responsive pleading deadline. Defendants have conferred with plaintiff's counsel who opposes defendants' proposed motion to compel arbitration and opposes the request to stay the responsive pleading deadline pending the Court's decision on the forthcoming motion to compel. Currently, the only date that might be affected is September 6, 2024, the date set for the initial pre-trial conference in this matter. (ECF No. 33).

Respectfully submitted,

SEYFARTH SHAW LLP

/s/ *Ivan Smith*

Ivan D. Smith

IDS:/jam

311528777v.1